

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2005

# In Re: Vernal Alston

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Vernal Alston " (2005). *2005 Decisions*. Paper 966.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/966

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2766
_____

IN RE: VERNAL ALSTON,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 04-cv-02218)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
June 10, 2005
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: June 24, 2005)
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Vernal Alston seeks a writ of mandamus to compel the

United States District Court for the Middle District of Pennsylvania to rule on his

pending petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Alston

filed the underlying habeas petition in October 2004, which he amended in December

2004.  After the District Court granted their three requests to extend the response period,

1

the respondents filed a response to Alston's amended petition on March 18, 2005. Alston filed this mandamus petition on May 31, 2005.

Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. See Kerr v. United States District Court, 426 U.S. 394, 402 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). It is well-settled that the manner in which a District Court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In Alston's case, we conclude that the extent of the delay has not yet risen to the level of a denial of due process, see id., because the case has not been dormant for any significant period. Indeed, the most recent activity on Alston's petition occurred in April 2005. We are confident that the District Court will rule on Alston's habeas petition without unnecessary delay.

Accordingly, we will deny the petition for a writ of mandamus.